**ORIGINAL**

**FILED**
JUL 26 2018
U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 18-1029C
(Filed: July 26, 2018)

```
*************************************
EDWARD THOMAS KENNEDY,           *
                                 *
            Plaintiff,           *
                                 *
v.                               *
                                 *
THE UNITED STATES,               *
                                 *
            Defendant.           *
*************************************
```

## ORDER

    On July 11, 2018, Edward Thomas Kennedy, proceeding pro se, filed a complaint in the above-captioned case.  Mr. Kennedy also filed, concurrent with his complaint, an application to proceed in forma pauperis.

    The gravamen of Mr. Kennedy's complaint is that his father died from injuries after being "cut, radiated, burned, tortured, and drugged" at a facility owned by the Lehigh Valley Health Network (which is based in Allentown, Pennsylvania) approximately three months after a routine medical problem manifested itself in late November 2009.  Compl. ¶¶ 34-36.  Mr. Kennedy also asserts that the Lehigh Valley Health Network has engaged in securities fraud by impermissibly using the word "hospital," id. ¶ 31, that one of the health network's doctors and the doctor's attorneys have colluded with the United States Postal Service to "trespass" on a case filed by Mr. Kennedy in Pennsylvania state court by providing evidence to that court, id. ¶ 18, and that a litany of identified defendants have collectively "kept him financially imprisoned under color of law . . . without proof of jurisdiction," id. ¶ 3.

    Including the instant case, Mr. Kennedy has filed nine pro se complaints in this court, two of which have been assigned to the undersigned, over the past two months:

- Case number 18-826C, filed June 11, 2018, was dismissed for lack of subject-matter jurisdiction on June 29, 2018, pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").  See generally Kennedy v. United States, No. 18-826C, 2018 WL 3214115 (Fed. Cl. June 29, 2018).  Mr. Kennedy listed "over 80 named entities" as defendants, and requested "relief for trespass, violation of [Article] 4 of the United States Constitution, and an 'action of

7017 1450 0000 1346 4520

trover' for his 'personal property and trade secrets.'"[1] Id. at *1 (citations omitted). In dismissing Mr. Kennedy's complaint, another judge of this court explained that "the federal government is the only proper defendant" in the United States Court of Federal Claims ("Court of Federal Claims"); this court lacks jurisdiction "over tort claims, such as kidnapping, assault, or fraud"; this court lacks jurisdiction over "criminal matters"; and this court lacks jurisdiction over provisions of law that "do[] not state that money damages may be awarded if it is violated." Id. at *2.

- Case number 18-830C, filed June 11, 2018, was dismissed for lack of subject-matter jurisdiction on June 29, 2018. See generally Kennedy v. United States, No. 18-830C, 2018 WL 3214049 (Fed. Cl. June 29, 2018). Case number 18-830C was "identical" to case number 18-826C except for small, nonsubstantive differences. Id. at *1. In dismissing Mr. Kennedy's complaint, another judge of this court referenced the dismissal order in case number 18-826C, and explained that the Court of Federal Claims "does not have jurisdiction over claims regarding the actions of state or local governments and officials, claims sounding in tort, crimes, or violations of federal laws that are not money-mandating." Id.

- Case number 18-841C, filed June 12, 2018, was dismissed by the undersigned for lack of subject-matter jurisdiction on July 19, 2018. See generally Kennedy v. United States, No. 18-841C, 2018 WL 3470762 (Fed. Cl. July 19, 2018). In that case, Mr. Kennedy alleged that the "identified defendants . . . kept him in 'constructive financial imprisonment'" by lying under oath and entering a void judgment in a state court case, stealing his personal property and trade secrets, and failing to provide him lawful money upon demand. Id. at *2. After providing a detailed overview of this court's jurisdiction, id. at *3, the undersigned explained that this court "lacks jurisdiction over claims involving civil rights, torts, or criminal matters; to entertain frivolous claims or collateral attacks on the decisions of other courts; and, with exceptions not relevant here, to award equitable relief," id. at *7. In particular, the undersigned observed that Mr. Kennedy's assertion that he "may demand lawful money at any time" pursuant to 12 U.S.C. § 411 was "frivolous on its face." Id. at *5.

---

[1] Trover is a "common-law action for the recovery of damages for the conversion of personal property." Trover, Black's Law Dictionary (10th ed. 2014).

- Case number 18-942C was filed June 28, 2018, and remains pending. In that case, Mr. Kennedy asserts claims against a litany of federal and state government entities and officials as well as private entities and officials. See generally Compl., Kennedy v. United States, No. 18-942C (Fed. Cl. June 28, 2018). As with his earlier complaints, Mr. Kennedy asserts counts for trespass, trespass on the case, vicarious liability, failure to provide a republican form of government, and trover, as well as for failure to provide lawful money upon demand pursuant to 12 U.S.C. § 411. Id.

- Case number 18-1006C was filed July 11, 2018, and remains pending. In that case, Mr. Kennedy asserts counts for trespass, trespass on the case, and vicarious liability based on allegations that certain individuals acted improperly in dismissing a lawsuit filed in the United States District Court for the Eastern District of Pennsylvania. See generally Compl., Kennedy v. United States, No. 18-1006C (Fed. Cl. July 11, 2018).

- Case number 18-1027C was filed July 11, 2018, and remains pending. In that case, Mr. Kennedy asserts counts for trespass, trespass on the case, and vicarious liability based on allegations that two of the aforementioned cases in this court, i.e. those numbered 18-830C and 18-826C, were improperly dismissed. See generally Compl., Kennedy v. United States, No. 18-1027C (Fed. Cl. July 11, 2018).

- Case number 18-1028C was filed July 11, 2018, and remains pending. In that case, Mr. Kennedy asserts counts for trespass, trespass on the case, vicarious liability, failure to provide a republican form of government, and trover against myriad local, state, and federal government entities and officials and private entities and officials. See generally Compl., Kennedy v. United States, No. 18-1028C (Fed. Cl. July 11, 2018). The crux of case number 18-1028C is Mr. Kennedy's allegation that he was denied admission to various law schools based on his refusal to take a portion of the Law School Admissions Test. Id. ¶¶ 8-9.

- Case number 18-1029C, the instant case, was filed on July 11, 2018.

- Finally, case number 18-1030C was filed on July 11, 2018, and remains pending. In that case, Mr. Kennedy asserts counts for trespass, trespass on the case, vicarious liability, failure to

provide a republican form of government, and trover against myriad local, state, and federal government entities and officials and private entities and officials. See generally Compl., Kennedy v. United States, No. 18-1030C (Fed. Cl. July 11, 2018). The central issues of case number 18-1030C are Mr. Kennedy's allegations that (1) he was "denied lawful money by AT&T Inc., and Patelco Credit Union" after certain attorneys, accountants, and bankers "conspired to injure" him, id. ¶¶ 8-9; and (2) the Federal Communications Commission and the California Public Utilities Commission "deregulated regulated assets through fire walls, and neglected to enforce their rules for 40 years," id. ¶ 26.

For the reasons stated in the Opinion and Order filed by the undersigned in Kennedy, 2018 WL 3470762, the court has determined that, in the instant case, Mr. Kennedy fails to allege any claims within the court's subject-matter jurisdiction. It is well settled that the Court of Federal Claims is "a court of limited jurisdiction, because its jurisdiction is statutorily granted and it is to be strictly construed." Bowen v. Massachusetts, 487 U.S. 879, 908 n.46 (1988). Specifically, this court lacks jurisdiction "over suits against private parties," Edelmann v. United States, 76 Fed. Cl. 376, 380 (2007), and "over any claims alleged against states, localities, state and state and local government entities, or state and local government officials and employees," Anderson v. United States, 117 Fed. Cl. 330, 331 (2014). In other words, the federal government itself is the only proper defendant in the United States Court of Federal Claims. See RCFC 10(a). Accordingly, claims against any parties other than the federal government itself must be dismissed as beyond the jurisdiction of this court.

Further, this court lacks jurisdiction over the following:

- tort claims, Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008);[2]

- civil rights claims, Jefferson v. United States, 104 Fed. Cl. 81, 88-89 (2012);

- claims over criminal matters, Hufford v. United States, 87 Fed. Cl. 696, 702 (2009);

- collateral attacks against the decisions of other courts, Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352-53 (Fed. Cir. 2015);

---

[2] As relevant here, battery, conspiracy, fraud, and negligence are torts. Burman v. United States, 75 Fed. Cl. 727, 729 (2007); Gant v. United States, 63 Fed. Cl. 311, 316 (2004).

- frivolous claims, <u>Moden v. United States</u>, 404 F.3d 1335, 1340-41 (Fed. Cir. 2005); and

- claims that accrued more than six years prior to the date on which the complaint is filed, 28 U.S.C. § 2501 (2012).

Therefore, Mr. Kennedy's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). Mr. Kennedy's application to proceed <u>in forma pauperis</u> is **GRANTED** for the limited purpose of determining this court's jurisdiction. No costs. The clerk is directed to enter judgment accordingly.

In addition, the court observes that Mr. Kennedy's complaints in this court follow a similar pattern—indeed, several portions of each are identical—and contain allegations regarding similar themes. Further, Mr. Kennedy has now received the benefit of four written decisions discussing the subject-matter jurisdiction of the Court of Federal Claims. The court cautions Mr. Kennedy against filing complaints that are clearly outside of this court's limited jurisdictional purview because such complaints will be dismissed and may be deemed facially frivolous, subjecting him to an antifiling injunction. The court will, of course, entertain any nonfrivolous claims over which it has subject-matter jurisdiction. Should he wish to file future complaints in the Court of Federal Claims, Mr. Kennedy is reminded of the pleading requirements outlined in RCFC 8 and is encouraged to explicitly identify the money-mandating source of law supporting this court's jurisdiction over the claims asserted therein.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Chief Judge